DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael J. Morris, appeals from his convictions in the Wayne County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In March 2002, Michael Morris, Jr. found what he believed to be child pornography in the recycle basket of his computer. Earlier that day, Morris, Jr. had seen his father, appellant, using that computer. As a result of finding these images, Morris, Jr. contacted the Wooster Police Department. Officer Brian Waddell came to the house and requested that Morris, Jr. save several of the images onto floppy disks, which Morris, Jr. did. The next day, Detective Neil Jones came to the house and removed the computer. The computer was then sent to the Ohio Bureau of Criminal Investigation ("BCI") for forensic analysis. The analyst at BCI, Allan Buxton, copied the hard drive of the computer and returned the computer to the Wooster Police. However, prior to returning the computer, Mr. Buxton over wrote the hard drive, erasing all data on the drive.
 {¶ 3} On February 18, 2004, a bench trial was held. Prior to the bench trial, appellant pled guilty to one count of corrupting another with drugs, which was the 36th count in the indictment. The subject of that conviction is not a part of this appeal. The trial then proceeded with the State calling five witnesses. In addition to the two officers noted above, Morris, Jr., his ex-wife Crystal, and Mr. Buxton testified. Morris, Jr. and his ex-wife testified that they had not downloaded the images in question and that appellant had used the computer prior to Morris, Jr. finding the images. The officers and Mr. Buxton each testified that in their opinion, the images in question were of minors. Further, Mr. Buxton went into great detail about the names of the files located on the computer and the search queries that were utilized to arrive at the web sites which contained these images.
 {¶ 4} Following a bench trial, appellant was convicted of 24 counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5); 2 counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1); and 9 counts of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323(A)(3). Appellant was sentenced to twelve months incarceration for each count, the sentences to be run concurrently. Appellant timely appealed his convictions, raising three assignments of error.
 II. ASSIGNMENT OF ERROR I
"The defendant/appellant's right to due process of law as guaranteed by the fourteenth amendment to the united states constitution and article one, section sixteen of the ohio Constitution was denied when the State of Ohio failed to preserve materially exculpatory evidence."
 {¶ 5} In his first assignment of error, appellant alleges that he was denied due process because he was never given the opportunity to examine the original hard drive of the computer which contained the child pornography. This Court disagrees.
 {¶ 6} Appellant has argued that his due process rights were violated, because he could not examine the original hard drive to determine whether it contained exculpatory evidence. At no time in the trial court proceedings or on appeal has appellant suggested what type of evidence might have been on the hard drive that would be exculpatory. However, assuming arguendo that the hard drive may have had potentially exculpatory evidence contained on it, appellant's argument still lacks merit.
 {¶ 7} "Failure to preserve potentially useful evidence does not constitute a denial of due process of law unless a criminal defendant can show bad faith on the part of the police." State v. Jones (1990),67 Ohio App.3d 542, 545, citing Arizona v. Youngblood (1988),488 U.S. 51, 102 L.Ed.2d 281. Appellant has not alleged bad faith on the part of the police. Further, Mr. Buxton explained in detail his reasons for departing from protocol in wiping the hard drive clean. Mr. Buxton first testified that the hard drive was corrupt and that repeated access to the files in question and testing on the drive would render it useless. He went on to note that the hard drive belonged to a non-party, Morris, Jr., who used the computer in his business. As such, there is not a scintilla of evidence in the record that would demonstrate bad faith in destruction of the evidence.
 {¶ 8} This Court also notes that the evidence in question was actually presented at trial in the form of a copy of the hard drive. Mr. Buxton testified that it is BCI protocol to not run tests on the original hard drive to prevent corrupting the evidence. Rather, BCI uses software to make an exact copy of the hard drive. In this case, Mr. Buxton testified that the software utilized, Encase Version 3, takes the contents of the hard drive through a complex math equation and creates a 128 bit number known as a fingerprint. He stated that the odds of two hard drives having identical fingerprints are "the equivalent to winning a multi-state lottery 7 times in a row." Mr. Buxton went on to note that in the instant matter, the copy created by Encase was an exact copy of the original hard drive. Appellant has seemingly argued on appeal that, absent a software engineer verifying that Encase software does what it purports to do, this hard drive should not have been admitted. This Court disagrees.
 {¶ 9} Evid.R. 1003 permits the admission of a duplicate unless "a genuine question is raised as to the authenticity of the original" or "in the circumstances it would be unfair to admit the duplicate in lieu of the original." In the instant matter, Mr. Buxton testified that Encase had properly performed its purported function and that it had created an exact copy of the original hard drive. Given that the rules of evidence permit admission of duplicates, that appellant has not argued with any specificity what type of exculpatory evidence may have been lost during the copying procedure, and that the original was not destroyed in bad faith, appellant's claim must fail. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The defendant/appellant's right to free speech as guaranteed by thefirst amendment to the united states constitution was violated because R.C. 2907.322(A)(5), R.C. 2907.321(A)(1) and R.C. 2907.323(A) are overbroad in that each statute implicates speech protected by thefirst amendment to the united states constitution."
 {¶ 10} In his second assignment of error, appellant argues that the Revised Code provisions under which he was convicted are unconstitutional. Specifically, appellant asserts that these provisions unlawfully permit prosecution for possession of virtual pornography. In support, appellant relies upon Ashcroft v. Free Speech Coalition (2002),535 U.S. 234, 152 L.Ed.2d 403. This Court finds that appellant's contention lacks merit.
 {¶ 11} The provisions at issue, R.C. 2907.321(B)(3) and R.C.2907.322(B)(3), both provide as follows:
"In a prosecution under this section, the trier of fact may infer that a person in the material or performance involved is a minor if the material or performance, through its title, text, visual representation, or otherwise, represents or depicts the person as a minor."
 {¶ 12} Initially, this Court notes that the provisions at issue here were unquestionably not applied in appellant's prosecution. In his police statement, appellant admitted to viewing and downloading obscene pictures of minors. As such, the State provided the trial court with direct evidence of guilt and no inference was necessary. However, "[t]heFirst Amendment doctrine of substantial overbreadth is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others." Massachusetts v. Oakes (1989),491 U.S. 576, 581, 105 L.Ed.2d 493. Accordingly, appellant's claim that the statutes at issue are unconstitutionally overbroad will be addressed.
 {¶ 13} Appellant has urged this Court that the holding of Ashcroft
mandates a finding that the above Ohio statutes are unconstitutional due to overbreadth.
"`A clear and precise enactment may * * * be `overbroad' if in its reach it prohibits constitutionally protected conduct.' In considering an overbreadth challenge, the court must decide `whether the ordinance sweeps within its prohibitions what may not be punished under the First
and Fourteenth Amendments.'
"`Only a statute that is substantially overbroad may be invalidated on its face.' In order to demonstrate facial overbreadth, the party challenging the enactment must show that its potential application reaches a significant amount of protected activity. Nevertheless, criminal statutes `that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application.' A statute is substantially overbroad if it is `susceptible of regular application to protected expression.'" Akron v. Rowland (1993), 67 Ohio St.3d 374, 386-387. (Internal citations omitted.)
 {¶ 14} In Ashcroft, the U.S. Supreme Court invalidated two provisions of the Child Pornography Prevention Act of 1996 ("CPPA") utilizing the overbreadth doctrine. See Ashcroft, 535 U.S. 234. The provisions at issue in Ashcroft prohibited possession of any visual depiction that "`is, or appears to be, of a minor engaging in sexually explicit conduct.'" Id. at 241. This range of prohibited materials was deemed "`virtual child pornography.'" Id. The Court in Ashcroft held that the rationales utilized to support prohibiting the possession of child pornography were not applicable in cases of virtual child pornography, because there was no victim in those cases. Id. at 250.
 {¶ 15} However, there is no question that the State can ban possession of child pornography. See New York v. Ferber (1982), 458 U.S. 747,73 L.Ed.2d 113. In Ferber, the Court noted that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." Id. at 757. As such, a prohibition on possession of child pornography is justified because "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." Id. at 758.
 {¶ 16} Preliminarily, this Court notes that acts of the General Assembly enjoy a strong presumption of constitutionality. State v. Gill
(1992), 63 Ohio St.3d 53, 55. Additionally, R.C. 2907.321 and R.C. 2907.322
are distinguishable from the CPPA provisions, because they only apply to pornography created using real children. State v. Eichorn, 5th Dist. No. 02CA953, 2003-Ohio-3415, at ¶ 24. There is no indication that the provision contained in R.C. 2907.321(B)(3) and R.C. 2907.322(B)(3) was intended to encompass virtual child pornography. Rather, we read the provision to permit what the common law has always permitted, that the State may prove its case with circumstantial evidence. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph one of the syllabus.
 {¶ 17} Accepting appellant's position regarding the statutes in question would render them nearly impossible to enforce. Under appellant's contention, the State could only constitutionally convict a defendant of possession of child pornography through two methods: 1) identifying the child depicted and verifying the child's age, or 2) soliciting expert testimony that the child depicted is a minor and that the image in question had not been digitally altered. Under the first scenario, the State would have nearly no avenue with which to convict a defendant when the defendant has used the anonymity of the Internet to obtain child pornography. In the second scenario, circumstantial evidence that the images contain minors would be of little value without the State calling an expert to dispel any possibility, however remote, that the images in question were digitally altered. This Court declines to read such a burden into Ohio's child pornography laws.
 {¶ 18} The mandate of the U.S. Supreme Court is clear that a defendant may not be convicted of possession of virtual child pornography. SeeAshcroft, 535 U.S. 234. However, as Ohio's statutes do not attempt to punish such conduct, its statutes do not contain the same shortcomings as the CPPA. Ohio's child pornography statutes simply do not attempt to punish virtual child pornography. Accordingly, the statutes at issue do not "make unlawful a substantial amount of constitutionally protected conduct[.]" Houston v. Hill, 482 U.S. 451, 459, 96 L.Ed.2d 398. As such, R.C. 2907.321 and R.C. 2907.322 are not unconstitutionally overbroad. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The jury verdicts on counts one through thirty-five of the indictment were not support (sic) by legally sufficient evidence and therefore violated the defendant/appellant's right to due process of law as guaranteed by the fourteenth amendment to the united states constitution and article one, section sixteen of the Ohio constitution."
 {¶ 19} In his final assignment of error, appellant contends that the State produced insufficient evidence to justify his convictions. Specifically, appellant asserts that the State failed to prove that the images contained minors and that, with regard to his convictions under R.C. 2907.323(A)(3), the State failed to prove that the minor in question was not a child or ward of the accused. This Court disagrees.
 {¶ 20} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 21} In order to establish that the persons depicted in the images introduced at trial were minors, the State relied upon several forms of evidence. First, both Mr. Buxton and Detective Jones testified that based upon their prior work experience, they believed that the images contained minors. Further, the State introduced evidence of the search terms and file names associated with appellant's computer activity. These search terms and file names included "Preteen Lolita", "illegal preteen underage lolita kiddy child incest xxx porno", and "preteen oral sex little lolita." Mr. Buxton testified that these search terms were commonly used in attempts to locate child pornography on the Internet. Additionally, and most damaging to appellant's allegations of insufficiency, appellant admitted in his police statement to downloading photographs of juveniles. In pertinent part, the statement reads:
"Q. On March 14, '02 the Wooster Police Dept. received a report that you downloaded some photos on your son Michael's computer at his apt. at 1855 Mechanicsburg Rd., Apt. 3. The photos showed juvenile males and females, clothed and unclothed, and some were depicted in engaging in various sexual acts. Why did you download these photos and save/store them on Mike's computer?
"A. Downloaded out of curiosity to see why these are on the net and how this could be stopped.
"* * *.
"Q. Have you downloaded photos of juveniles engaging in sexual acts on any other occasion?
"A. Yes out of curiosity 3 times to see why this exsists (sic)."
Further, this Court has independently reviewed the images in question. Reviewing the evidence in a light most favorable to the prosecution, there is no question that the photographs contained pictures of children well under the age of majority engaging in sexual conduct. As such, appellant's claim that the State failed to prove that the pictures contained minors is without merit.
 {¶ 22} Likewise, appellant's claim that the State failed to prove under R.C. 2907.323(A)(3) that the minors in the images were not his child or ward lacks merit. The State demonstrated that these images were obtained through detailed searches on the Internet for child pornography. The images depict literally dozens of different minor children of varying ages and ethnicities. Additionally, as noted, appellant admitted to searching the Internet for child pornography.
 {¶ 23} The State is permitted to establish its case through either direct or circumstantial evidence and both types of evidence inherently possess the same probative value. Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Circumstantial evidence need not be "irreconcilable with any reasonable theory of the accused's innocence [.]" See id. "The trier of fact may rely on circumstantial evidence and all reasonable inferences arising therefrom in arriving at its verdict." State v. Cloud, 7th Dist. No. 98 CO 51, 2001-Ohio-3396.
 {¶ 24} In the instant case, given the above facts, this Court cannot say that it was unreasonable for the trial court to use the evidence to infer that the children depicted were not appellant's children. Accordingly, appellant's assertion that his convictions are based upon insufficient evidence lack merit. Appellant's third assignment of error is overruled.
 III. {¶ 25} Appellant's assignments of error are overruled, and the judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J. Batchelder, J. concur.