DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant David Schneider has appealed from his convictions in the Medina County Court of Common Pleas. This Court affirms.
 I {¶ 2} On November 10, 2004, Appellant was indicted on the following counts: one count of illegal use of a minor in violation of R.C.2907.323(A)(1); eight counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5); twenty-two counts of illegal use of a minor in nudity oriented material in violation of R.C. 2907.323(A)(3); and one count of possession of criminal tools in violation of R.C.2923.24. Following his indictment, Appellant *Page 2 
filed numerous motions to dismiss which included allegations that the statutes under which he was charged were unconstitutional, that he could not receive a fair trial, and that his speedy trial rights were violated. The trial court denied each of these motions. On July 3, 2006, Appellant pled no contest to the indictment and was found guilty of each of the charges by the trial court. Appellant was then sentenced to ten years in prison. Appellant has timely appealed, raising eight assignments of error for review. For ease of analysis, we have rearranged and consolidated several of the assignments of error.
 II Assignment of Error Number One {¶ 3} "R.C. 2907.323 IS UNCONSTITUTIONALLY VAGUE[.]"
 Assignment of Error Number Four "R.C. 2907.321 IS UNCONSTITUTIONALLY VAGUE[.]"
 {¶ 4} In his first and fourth assignments of error, Appellant has asserted that the statutes under which he was convicted are unconstitutionally vague. This Court disagrees.
 {¶ 5} Legislative enactments are afforded a strong presumption of constitutionality. State v. Collier (1991), 62 Ohio St.3d 267, 269. When possible, statutes are to be construed in favor of conformity with the Ohio and United States Constitutions. Id. A party asserting that a statute is unconstitutional must prove that the statute is unconstitutional beyond a reasonable doubt. Id. *Page 3 
 {¶ 6} When asserting that a statute is unconstitutional because it is void for vagueness, the challenging party must show that the statute is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." Coates v.Cincinnati (1971), 402 U.S. 611, 614. Therefore, the challenger must show that, after examining the statute, a person of ordinary intelligence would not be able to understand what he is required to do under the law. State v. Anderson (1991), 57 Ohio St.3d 168, 171. Accordingly, the challenger must prove beyond a reasonable doubt "that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Id.
 {¶ 7} R.C. 2907.321(A)(5) provides as follows:
 "No person, with knowledge of the character of the material or performance involved, shall * * * [b]uy, procure, possess, or control any obscene material, that has a minor as one of its participants[.]"
addition, R.C. 2907.323(A)(3) provides as follows:
 "No person shall * * * [p]ossess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity[.]"
On appeal, Appellant has not asserted these laws are vague. He has admitted that both laws prohibit the possession of child pornography. He has argued, however, that his inability to distinguish between virtual child pornography and actual child pornography causes the statutes to become vague. We disagree. *Page 4 
 {¶ 8} This Court does not dispute that as technology has progressed it has become increasingly difficult to distinguish between actual and virtual child pornography and for the State to meet its burden of proof However, we do not agree that technology has somehow made the clear prohibitions in R.C. 2907.321 and R.C. 2907.323 vague. Rather, technology has not changed those prohibitions in any manner.
 {¶ 9} Appellant may be correct in his assertion that given present digital technology, the State could not prove that his possession was done "knowingly." However, such an argument, as Appellant notes in his brief, is an argument regarding the sufficiency of the evidence. As Appellant pled no contest, however, he admitted to the elements of the offense. As such, he is precluded from raising a sufficiency argument on appeal.
 {¶ 10} Whether or how the State can prove its case under these statutes given the advances in technology is not at issue here and we reserve our judgment on that issue until such a matter is ripe for review. The above statutes prohibit a person from knowingly (R.C.2907.321) or recklessly (R.C. 2907.323) possessing child pornography. Such a prohibition is not vague. Child pornography is clearly defined; possession is clearly defined; knowingly is clearly defined; and recklessly is clearly defined. Accordingly, this Court finds that any reasonable person would understand the prohibitions contained in R.C.2907.321 and R.C. 2907.323. We *Page 5 
find, therefore, that the above statutes are not void for vagueness. Appellant's first and fourth assignments of error lack merit.
 Assignment of Error Number Two "R.C. 2907.323 IS UNCONSTITUTIONALLY OVERBROAD[.]"
 Assignment of Error Number Five "R.C. 2907.321 IS UNCONSTITUTIONALLY OVERBROAD[.]"
 {¶ 11} In his second and fifth assignments of error, Appellant has asserted that the statutes under which he was convicted are unconstitutionally overbroad. We disagree
 {¶ 12} Initially, this Court notes that:
 "`A clear and precise enactment may * * * be `overbroad' if in its reach it prohibits constitutionally protected conduct.' In considering an overbreadth challenge, the court must decide `whether the ordinance sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments.'
 "`Only a statute that is substantially overbroad may be invalidated on its face.' In order to demonstrate facial overbreadth, the party challenging the enactment must show that its potential application reaches a significant amount of protected activity. Nevertheless, criminal statutes `that make unlawful a substantial amount of constitutionally protected conduct may be held facially invalid even if they also have legitimate application.' A statute is substantially overbroad if it is `susceptible of regular application to protected expression.'" (Internal citations omitted.) Akron v. Rowland (1993), 67 Ohio St.3d 374, 387.
This Court has previously held that R.C. 2907.321 and R.C. 2907.323 are not unconstitutionally overbroad. See State v. Morris, 9th Dist. No. 04CA0036, 2005-Ohio-599, at ¶ 10-18. Appellant has asked this Court to revisit such a decision in *Page 6 
light of our sister district's decision in State v. Tooley, 11th Dist. No. 2004-P-0064, 2005-Ohio-6709.
 {¶ 13} We find Tooley unpersuasive. In Tooley, the Eleventh District found that R.C. 2907.323 chilled a significant amount of protected speech and thus was unconstitutionally overbroad. Id. at ¶ 68-70. TheTooley Court asserted that due to the overwhelming similarities between actual and virtual child pornography that R.C. 2907.323's mens rea element, recklessly, meant that individuals would be less likely to view virtual child pornography because of the inherent risk of being incorrect and later learning that they were viewing actual pornography.
 "If the individual believed the image was virtual and `took a chance' by viewing the image, and the image, in fact, was real child pornography (if that determination could be made) the individual could be argued to have violated R.C. 2907.323(A)(3), because he acted recklessly, i.e., he disregarded a known risk that his conduct was likely to cause him to view child pornography." Id. at ¶ 69.
We cannot agree with the conclusion drawn by the Tooley Court.
 {¶ 14} There is little question that this area of law was thrown into turmoil by Ashcroft v. Free Speech Coalition (2002), 535 U.S. 234.Ashcroft held that virtual child pornography was protected speech. Specifically, the Ashcroft Court refused to find that virtual child pornography could be regulated because it serves to whet the appetite of pedophiles, leading to actual child victims. Id. at 253. While this Court may feel that Ashcroft was wrongly decided, we are bound by its dictates. *Page 7 
 {¶ 15} As such, under present U.S. Supreme Court law, child pornography that is digitally created without the aid of pictures of real children can be legally distributed through legitimate web sites or companies. However, if a defendant is voluntarily receiving or seeking out encrypted images from an unknown source, such secretiveness suggests a culpable mens rea. Such a person, therefore, may be acting in a reckless or knowing manner. Simply stated, given Ashcroft `s ruling that possession of virtual child pornography is legally protected, we cannot agree with Tooley `s conclusion that the viewing of any child pornography equates to acting recklessly. Accordingly, given the mens rea requirements in R.C. 2907.321 and R.C. 2907.323, we cannot say they have the effect of chilling "a substantial amount of constitutionally protected conduct[.]" Houston v. Hill, 482 U.S. 451, 459. Moreover, R.C.2907.321 contains an obscenity requirement that was not present in the statutes abrogated by Ashcroft. Specifically, our sister district noted as follows: "[A] finding that materials are obscene avoids any need to apply the alternative Ferber tests, which concern only materials that are not obscene, as well as [any need to apply] Ashcroft's particular application of Ferber to virtual materials that were prohibited by the federal statute but were not necessarily obscene." State v.Gillingham, 2d Dist. No. 20671, 2006-Ohio-5758, at ¶ 21.
 {¶ 16} We, therefore, adhere to our holding in Morris and find that R.C. 2907.321 and R.C. 2907.323 are not unconstitutionally overbroad. Appellant's second and fifth assignments of error lack merit. *Page 8 
 Assignment of Error Number Three "R.C. 2907.323 VIOLATES THE CONSTITUTIONAL RIGHT OF PRIVACY[.]"
 {¶ 17} In his third assignment of error, Appellant has argued that R.C. 2907.323 violates the constitutional right to privacy. Specifically, Appellant has asserted the statute encompasses protected activities by married or consenting minors, violating their right to privacy. This Court finds no merit in Appellant's argument.
 {¶ 18} Appellant did not raise this issue below in support of his overbreadth argument. Accordingly, he may not raise it for the first time on appeal. State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Appellant's third assignment of error, therefore, lacks merit.
 Assignment of Error Number Six "THE MULTIPLE, UNDIFFERENTIATED CHARGES IN THE INDICTMENT VIOLATED SCHNEIDER'S RIGHT TO NOTICE AND HIS RIGHT TO BE PROTECTED FROM DOUBLE JEOPARDY."
 {¶ 19} In his sixth assignment of error, Appellant has asserted that his indictment was insufficient. This Court finds no merit in Appellant's contention.
 {¶ 20} Crim.R. 12(C)(2) requires that objections based on defects in the indictment be raised before trial. "[F]ailure to timely object to the allegedly defective indictment constitutes a waiver of the issues involved." State v. Biros (1997), 78 Ohio St.3d 426, 436 citingState v. Joseph (1995), 73 Ohio St.3d 450, *Page 9 
455. Appellant did not challenge the indictment at any point in the trial court. Accordingly, he may not challenge the indictment on appeal. In addition, Appellant conceded at oral argument that he had not preserved this issue for appeal and conceded that he had not argued plain error in his brief.
 {¶ 21} We note as well that this Court cannot conduct a plain error review of Appellant's alleged error. On appeal, Appellant has argued that other images may be contained on his computer and that since his indictment did not identify file names, his indictment raises double jeopardy concerns. In response, the State contends that the indictment charged Appellant with one count for every file on his computer, thereby alleviating any double jeopardy concerns. Appellant, by failing to raise this issue below, did not create a record for this Court to review for error. Accordingly, Appellant's sixth assignment of error lacks merit.
 Assignment of Error Number Seven "SCHEIDER (sic) WAS UNABLE TO RECEIVE A FAIR TRIAL REGARDING CHARGES UNDER R.C. 2907.321 OR R.C. 2907.323[.]"
 {¶ 22} In his seventh assignment of error, Appellant has argued that he would not have received a fair trial had the matter gone to trial. He claims that the trial court erred when it failed to dismiss the charges against him due his inability to hire an expert. This Court disagrees.
 {¶ 23} Initially, we note that only one court in Ohio has decided this issue. In State v. Brady, 11th Dist. No. 2005-A-0085, 2007-Ohio-1779, our sister district *Page 10 
affirmed the trial court's dismissal of similar charges under this same argument. For the reasons that follow, we cannot agree with such a result.
 {¶ 24} First, we agree with the dissent in Brady.
 "A Crim.R. 12 pre-trial motion to dismiss cannot reach the merits or substance of the allegations as there is no equivalent of the civil rules' summary judgment procedure in the criminal arena. Therefore, pre-trial motions to dismiss can only raise matters that are capable of determination without a trial on the general issue." (Internal citations and quotations omitted.) Brady
at ¶ 43 (Westcott Rice, P.J., dissenting).
To rule on Appellant's motion, the trial court would have been forced into conjecture. Appellant's counsel was hesitant to reveal what his experts would testify about before trial because it would waive the attorney work-product privilege. Further, Appellant's argument makes clear that the trial court would have been forced to speculate about the possible uses of expert testimony and the hypothetical limitations placed on that testimony by Federal law. As such, we find that such a motion made before trial was inappropriate under the criminal rules. Assuming arguendo, however, that the trial court could entertain such a motion, we find no error in its denial.
 {¶ 25} In Brady, our sister Court cited extensively to Dean Boland's testimony about his reluctance to be an expert in child pornography cases due to his interactions with federal law enforcement officers. In this matter, Mr. Boland was initially hired as a court-paid expert. He then attempted to file motions on behalf of Appellant. After objections by the State, Mr. Boland withdrew as *Page 11 
Appellant's expert and became co-counsel in the trial court. Mr. Boland has continued as Appellant's counsel on appeal. The record in the instant matter, however, does not contain testimony from Mr. Boland. Rather, the record contains an affidavit from one expert company, Vestige Ltd. ("Vestige"), asserting that it would not perform certain functions out of fear of federal prosecution and an affidavit and search warrant that relates to Mr. Boland. In his affidavit, the technical officer for Vestige relied upon the search warrant affidavit issued regarding Mr. Boland when rejecting work as an expert in child pornography cases.
 {¶ 26} The Boland search warrant and its accompanying affidavit contain several allegations. In the search warrant, it was alleged that Mr. Boland admitted to using pictures of real children and then using software technology to morph those images into virtual child pornography. This type of "morphing" is expressly prohibited by federal law. 18 U.S.C. 2256(8)(C). In Ashcroft, the U.S. Supreme Court implied in dicta that such a prohibition was constitutional. Ashcroft,535 U.S. at 242. Specifically, Ashcroft noted in dicta as follows:
 "[18 U.S.C] Section 2256(8)(C) prohibits a more common and lower tech means of creating virtual images, known as computer morphing. Rather than creating original images, pornographers can alter innocent pictures of real children so that the children appear to be engaged in sexual activity. Although morphed images may fall within the definition of virtual child pornography, they implicate the interests of real children and are in that sense closer to the images in Ferber. Respondents do not challenge this provision, and we do not consider it." Id. *Page 12 
Moreover, the affiant stated that Mr. Boland had these images on his computer, had not deleted the images despite being ordered by a court in Oklahoma to do so, and had transported those images across state lines in contravention of Federal law.
 {¶ 27} Relying upon the issuance of the above search warrant, Mr. Boland withdrew as Appellant's expert, stating that he would not perform as an expert out of fear of prosecution. Furthermore, at oral argument, Appellant's counsel asserted that this withdrawal was also premised upon his belief that Federal law extended to prohibit intrastate possession of child pornography.[1] As noted above, Vestige also relied upon the search warrant affidavit and warrant to assert that it would not be an expert on Appellant's behalf.
 {¶ 28} We find that Appellant's sweeping doomsday conclusions that no expert would perform the tasks necessary for a defendant to receive a fair trial are vastly overstated. First, Mr. Boland conceded at oral argument that his conduct as described in the search warrant was not the type of conduct necessary to function effectively as an expert in this area of the law. Specifically, there is no evidence that an expert would need to recreate the crime, i.e., morph a real image of a child into pornography in order to properly explain why it is, or is not, possible to *Page 13 
distinguish between a real image, a morphed image, and an image that is entirely digitally created.
 {¶ 29} In addition, Appellant's counsel virtually conceded that an expert would have no need to recreate the child pornography at issue in order to testify how state of the art imaging software makes it possible to create an image without the need to morph that image from a "real" predecessor image. Simply stated, Appellant's counsel effectively conceded that no expert would have to engage in the arguably objectionable conduct that led to the search warrant discussed herein in order to ensure a defendant a fair trial.
 {¶ 30} We agree with the dissent in Brady, when our colleague aptly stated as follows:
 "This dismissal has essentially provided Brady and any other like-minded individual with a free pass to possess, observe, disseminate, distribute and manufacture any type of pornography without fear of prosecution. The ramifications of plunging down the slippery slope of the majority's analysis are many. Following the reasoning of the majority, any expert can now assert that in order to properly offer an opinion, the expert must essentially recreate the crime. Certainly the majority would be unwilling to allow this diversion in the arena of a murder trial. Yet they see fit to do so here. A murder suspect would not evade prosecution merely because his expert would not be permitted to strike another human being over the head with the murder weapon, yet Brady receives a pass from this court because his expert could not recreate unlawful pornography. The public interest is certainly better served in protecting the victims of child pornography than in allowing such divertive tactics to succeed at evading prosecution." Brady at ¶ 55 (Westcott Rice, P.J., Dissenting). *Page 14 
Like the appellant in Brady, Appellant has offered no reason why his expert must commit a separate crime to testify effectively on his behalf.
 {¶ 31} Moreover, to the extent that Appellant has argued that mere possession by his expert of the child pornography would result in prosecution, he has offered no evidence to support such a claim. Despite a search warrant purportedly being executed on Mr. Boland's home, no charges have ever been filed against him. For that matter, Appellant has not identified any circumstance where charges have been filed against a defense expert for those activities taken in aid of a pending court matter. Furthermore, each section of Ohio law regulating child pornography has the following exception:
 "This section does not apply to any material * * * possessed, * * * or presented for a bona fide * * * judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance." (Emphasis added.) R.C. 2907.321(B)(1).
Appellant has responded that federal law does not have such an exception. However, he has admitted that federal courts have ordered prosecutors to turn over materials to defense counsel. See United Statesv. Hill (C.D.Cal. 2004), 322 F.Supp.2d 1081 (ordering the prosecution to turn over images of child pornography to the defense pursuant to a discovery request). Moreover, Appellant has conceded that state courts throughout the country have ordered prosecutors to turn over such evidence to defense attorneys. Appellant has not convinced this Court that our brethren around the country have consistently ordered prosecutors *Page 15 
to aid in the commission of a crime and have ordered defense experts to commit such crimes.
 {¶ 32} Finally, this Court notes that Appellant's argument has no conceivable limit. State prosecutors themselves would have no protection against charges brought by the Federal government. For that matter, police officers, judges, and even juries — both in State and Federal court — would not be able to view child pornography in their roles as court officers. This Court finds Appellant's interpretation of the applicable Federal law untenable.
 {¶ 33} Appellant's argument seems to stem from a significant faulty premise, namely that Mr. Boland was performing activities that were required to be performed in order for any expert to be effective in these matters. Given Appellant's concessions regarding the unnecessary nature of several of his activities and this Court's conclusions, we cannot say that any of Mr. Boland's arguably objectionable activities qualify as actions that are required to be performed by an expert in digital imaging to ensure a defendant a fair trial. Moreover, we cannot conclude that possession of child pornography by an expert in a judicial matter would be prosecuted as a crime under state or federal law.
 {¶ 34} We have a concern over the fact that the search warrant served upon Mr. Boland has been relied upon by other experts. In the instant matter, Mr. Boland has conceded that an expert did not have to engage in many of the activities that he had engaged in that led to the issuance of the warrant. For *Page 16 
example, experts need not create pornography by morphing the images of real children in order to be effective advocates. However, according to Mr. Boland, both he and Vestige relied upon the search warrant to reject work. As noted above, however, there is no evidence of any kind in the record to support a conclusion that experts must engage in the questionable activities in which Mr. Boland allegedly engaged in order to be effective experts. Accordingly, experts cannot reasonably rely and should not rely upon the search warrant executed on Mr. Boland to support their claims of a fear of prosecution, as they need not and should not be engaged in the activities for which Mr. Boland was investigated.
 {¶ 35} Appellant has failed to demonstrate that he would have been denied a fair trial. Accordingly, Appellant's seventh assignment of error is overruled.
 Assignment of Error Number Eight "THE INDICTMENT VIOLATED SCHNEIDER'S SPEEDY TRIAL RIGHTS."
 {¶ 36} In his final assignment of error, Appellant has argued that his speedy trial rights were violated. Specifically, Appellant has concluded that he was first arrested on March 3, 2002 and not indicted until November 10, 2004 and that such a delay violated his right to a speedy trial. We disagree.
 {¶ 37} An unjustifiable delay between the commission of an offense and the indictment, resulting in actual prejudice to the defendant, violates a defendant's due process rights. State v. Luck (1984),15 Ohio St.3d 150, paragraph two of the syllabus. Luck adopted a two-part test to determine whether pre-indictment delay *Page 17 
constitutes a due process violation. A defendant bears the initial burden of producing evidence demonstrating the delay caused actual prejudice to his or her defense. Id. at 157-158.
 {¶ 38} First, we note that the trial court held a hearing on Appellant's motion to dismiss on speedy trial grounds. Appellant has not supplied the transcript of that proceeding. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Moreover, on appeal, Appellant has not argued that he suffered any prejudice from this pre-indictment delay. Accordingly, Appellant has failed to demonstrate any error by the trial court in the denial of his motion to dismiss. Appellant's final assignment of error lacks merit.
 III {¶ 39} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 18 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
MOORE, J. DICKINSON, J. CONCUR
[1] We note that the Congressional findings which accompany18 U.S.C. 2251 indicate that intrastate possession of child pornography is in fact illegal. Appellant's argument regarding possession is addressed below. *Page 1