DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Charles Duncan has appealed his convictions in the Wayne County Court of Common Pleas. This Court affirms.
 I {¶ 2} On October 6, 2006 at approximately 6:30 p.m., Officer Donald Hall was patrolling the 500 block of North Buckeye Street in Wooster in his police cruiser. Officer Hall paid particular attention to 508 North Buckeye, which was a "known drug house" in the area. When he drove past this residence, Officer Hall witnessed "a known drug offender" on the house porch speaking to an unknown man, later identified as Charles Duncan. Officer Hall circled the block and upon *Page 2 
his return saw Duncan standing by the sidewalk. However, when Duncan saw the police cruiser, he turned around and walked back toward the house.
 {¶ 3} Officer Hall had received recent information that people were trafficking drugs on foot in the same area. Therefore, he circled the block again to see what Duncan would do. On Officer Hall's third pass, he witnessed Duncan walking past another individual whom the police suspected of drug activity. According to Officer Hall, the men saw the police cruiser and continued to walk past each other. At this point, Officer Hall circled the block again. When he returned, he saw that Duncan and the man had walked back towards each other to converse. Officer Hall found Duncan's activities suspicious and stopped to speak with the two men.
 {¶ 4} Upon exiting his cruiser, Officer Hall identified himself and asked Duncan to do the same. Duncan told Officer Hall that his name was "Michael P. Duncan" and gave him a social security number and birth date. Officer Hall asked dispatch to check on the information, and dispatch responded that "Michael Duncan" had an active felony drug trafficking warrant. Officer Hall then arrested Duncan and searched him incident to arrest. He ultimately discovered that Duncan had crack cocaine and $1,875.00 on his person. At the police station, Duncan later admitted that he had given Officer Hall his brother's name instead of his own. *Page 3 
 {¶ 5} On October 27, 2006, Duncan was indicted for possession of crack cocaine pursuant to R.C. 2925.11 with a forfeiture specification pursuant to R.C. 2925.42. On January 18, 2007, Duncan filed a motion to suppress arguing that Officer Hall lacked reasonable suspicion to stop him. The trial court held a hearing on the motion at which Officer Hall testified. On April 13, 2007, the trial court denied Duncan's motion to suppress.
 {¶ 6} On May 21, 2007, the trial court held a plea hearing at which Duncan changed his original plea and entered a plea of no contest. Based on the content of that hearing, the trial court sentenced Duncan to a definite term of two years in prison and notified him that he might be subject to up to three years of post release control. The court also ordered that Duncan's money be forfeited to the State. Upon Duncan's request, however, the court permitted Duncan's costs to be paid out of the forfeited money first.
 {¶ 7} Duncan has timely appealed the trial court's judgment, raising two assignments of error for review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED BY DENYING MR. DUNCAN'S MOTION TO SUPPRESS EVIDENCE, BECAUSE MR. DUNCAN WAS STOPPED AND QUESTIONED WITHOUT A REASONABLE SUSPICION OF ILLEGAL ACTIVITY, IN VIOLATION OF U.S. CONST. AMEND. IV, XIV, AND OHIO CONST. ART. I, SEC. 14." *Page 4 
 {¶ 8} Duncan argues that the trial court erred in denying his motion to suppress because officers did not have reasonable suspicion to stop him. We disagree.
 {¶ 9} In making its ruling on a motion to suppress, the trial court makes both legal and factual findings. State v. Jones (Mar. 13, 2002), 9th Dist. No. 20810, at *1. It follows that this Court's review of a denial of a motion to suppress involves both questions of law and fact.State v. Long (1998), 127 Ohio App.3d 328, 332. As such, this Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v. Searls (1997),118 Ohio App.3d 739, 741. However, the application of the law to those facts will be reviewed de novo. Id.
 {¶ 10} A police officer may conduct an investigative stop where he has a reasonable suspicion, based on specific and articulable facts, that an individual is or has been engaged in criminal activity. Terry v.Ohio (1968), 392 U.S. 1, 19-24; State v. Andrews (1991),57 Ohio St.3d 86, 87. The police must "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." Terry, 392 U.S. at 21; see, also,State v. Bobo (1988), 37 Ohio St.3d 177, 180-81; Andrews,57 Ohio St.3d at 87-88. A police officer's "reasonable suspicion" is measured by an objective standard: "would the facts available to the officer at the moment of the seizure * * * *Page 5 
`warrant a man of reasonable caution in the belief that the action taken was appropriate?" Bobo, 37 Ohio St.3d at 178-179, quotingTerry, 392 U.S. at 21-22.
 {¶ 11} The trial court found that Officer Hall had reasonable suspicion to stop Duncan based on Duncan's behavior. The record reflects that Officer Hall first saw Duncan standing outside a "known drug house" and speaking with a "known drug offender." Further, Officer Hall saw Duncan apparently evade the police cruiser once in front of the "drug house" and then again while Duncan walked on the street. Officer Hall had experience as a narcotics officer and testified that he had recent information about individuals trafficking drugs on foot in the area around which Duncan walked.
 {¶ 12} A reviewing court "must give due weight to [the officer's] experience and training and view the evidence as it would be understood by those in law enforcement." Andrews, 57 Ohio St.3d at 88. In considering the totality of the circumstances, we have looked to "the reputation of the area for criminal activity, the officer's experience with drug transactions, the officer's familiarity with the area and how drug transactions occurred there, the officer's perception of the scene, the officer's observation of furtive movements, and the fact that it was night." State v. Armstrong (1995), 103 Ohio App.3d 416, 421 (finding that police officer had reasonable suspicion based on these factors). We have also noted that the determination of reasonable suspicion must be based on common sense judgments and inferences about human behavior.City of Akron v. Harvey (Dec. *Page 6 
20, 2000), 9th Dist. No. 20016, at *4. In light of the foregoing law and Officer Hall's testimony, we find no error in the trial court's denial of Appellant's motion to suppress. Appellant's first assignment of error is overruled.
 Assignment of Error Number Two "THE TRIAL COURT COMMITTED PLAIN ERROR BY FINDING THE SPECIFICATION IN THE INDICTMENT TO BE TRUE BASED ON DEFENDANT'S WAIVER OF EVIDENCE, BECAUSE THE DEFENDANT WAS NOT CHARGED WITH TRAFFICKING AND THERE WAS NO EVIDENCE AT THE SUPPRESSION HEARING ON THIS ISSUE."
 {¶ 13} Duncan argues that the trial court erred in ruling that his $1,875.00 would be forfeited to the State pursuant to R.C. 2925.42. Specifically, Duncan argues that the trial court committed plain error by not conducting the required "special proceeding" set forth in Section (B)(3)(a) prior to ordering the forfeiture. We find that Duncan's argument lacks merit.
 {¶ 14} Crim.R. 52(B) allows an appellate court to take notice of a plain error affecting a substantial right even though the error was not first brought to the trial court's attention. However, plain error review is reserved for instances of forfeiture rather than waiver.State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 23. Waiver is the intentional relinquishment or abandonment of a right, and unlike forfeiture, waiver "cannot form the basis of any claimed error under Crim.R. 52(B)." Id. quoting State v. McKee (2001), 91 Ohio St.3d 292,299, fn. 3 (Cook, J., dissenting). Therefore, unless it is structural in nature, we will not address an error that was waived in the trial court.Payne at ¶ 24. *Page 7 
 {¶ 15} R.C. 2925.42 governs the criminal forfeiture of property belonging to persons who are convicted of felony drug abuse offenses. Section (B)(3)(a) provides that, "[i]f a person is convicted of * * * a felony drug abuse offense * * * then a special proceeding shall be conducted * * * to determine whether any property * * * will be the subject of an order of forfeiture[.]" Yet, the special proceeding is unnecessary if it is clear that the designated property is subject to forfeiture. State v. White (Apr. 8, 1992), 9th Dist. No. 15272, at *2. When a defendant admits that no evidence in opposition of the forfeiture exists, he waives the right to a forfeiture hearing. Id.
 {¶ 16} The record reflects that Duncan's indictment contained a forfeiture specification in compliance with R.C. 2925.42(B). The specification provided that:
 "[T]he following property constitutes or is derived from, directly or indirectly, any proceeds obtained, directly or indirectly, from the commission or (sic) a felony drug abuse offense or act, or was used or intended to be used in any manner to commit, or to facilitate the commission of, a felony drug abuse offense or act: $1875.00 Dollars in US Currency possessed by the said Charles Duncan at the time of the offense."
 {¶ 17} At Duncan's plea hearing and sentencing, the trial judge asked him if he understood the nature of his offense and "the specification that [he] had * * * $1,875 that was related to a felony drug abuseoffense." (Emphasis added.) Duncan indicated that he understood the charges. The trial court then asked, "in the 468 case that you knowingly possessed crack cocaine * * * and the specification *Page 8 to that charge, what is your plea?" (Emphasis added.) Duncan then entered a plea of no contest to both the possession charge and the forfeiture specification.
 {¶ 18} A no contest plea is, "not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment[.]" Crim.R. 11(B)(2). By pleading no contest to the forfeiture specification, Duncan admitted that his $1,875.00 constituted proceeds derived "from the commission of a felony drug abuse offense * * * or * * * used * * * in any manner to commit * * * a felony drug abuse offense or act." Duncan reaffirmed this factual admission twice: once when he acknowledged that he understood the charges and again when he entered his plea. Indeed, Duncan's counsel even asked the trial court to apply the forfeited money to Duncan's court costs. "The record indicates that [Duncan] was aware that specific property would be forfeited if he pled no contest. * * * By entering into a plea arrangement and voluntarily relinquishing the forfeited property, [Duncan] waived any procedural or due process right with respect to the forfeiture order." State v. Smith (1997), 117 Ohio App.3d 656,669; see, also, State v.Hensley, 9th Dist. No. 03CA008356, 2004-Ohio-2664, at ¶ 8 (finding that pursuant to his plea agreement defendant had clear notice that he was forfeiting property and waived statutory provisions governing forfeiture procedure).
 {¶ 19} Based on the record before us, we find that Duncan waived his right to a forfeiture proceeding in the court below. Duncan admitted the facts set forth in the forfeiture specification when he agreed to plead no contest. He knew that *Page 9 
his property would be forfeited, yet he did not object, seek the return of his property, or otherwise raise the issue with the trial court. In fact, he asked that the money be used to pay his court costs. Because we find that Duncan intentionally relinquished his right to a forfeiture proceeding, we will not address Duncan's claim of plain error. SeePayne at ¶ 24. Duncan's second assignment of error lacks merit.
 III {¶ 20} Duncan's assignments of error are overruled. The judgment of Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 10 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 CARR, J., DICKINSON, J., CONCUR. *Page 1