DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant Andrew Belicka appeals from his convictions in the Medina County Court of Common Pleas. This Court affirms.
 I {¶ 2} On September 13, 2006, Belicka was indicted on the following charges: one count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1); eight counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5); and eleven counts of illegal use of minor in nudity-oriented material in violation of R.C.2907.323(A)(3). On December 29, 2006, Belicka moved to dismiss the charges arguing that the statutes under which *Page 2 
he was indicted are unconstitutional. On January 2, 2007, the trial court denied Belicka's motion to dismiss.
 {¶ 3} On January 11, 2007, the trial court held a hearing on Belicka's motion to appoint an expert witness. On January 17, 2007, Dean Boland was appointed as an expert. On February 20, 2007, Belicka moved to dismiss the indictment on the basis that Boland could not be an effective expert witness because of federal laws dealing with child pornography. On April 17, 2007, the trial court denied that motion. After his second motion to dismiss was denied, Belicka pled no contest to the charges in the indictment. The trial court then found Belicka guilty and sentenced him to a total of four years incarceration. Belicka timely appealed his convictions, raising two assignments of error for review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTIONS TO DISMISS THE INDICTMENT ON THE GROUND THAT THE STATUTES UNDER WHICH APPELLANT WAS CHARGED ARE UNCONSTITUTIONALLY OVERBROAD BECAUSE THEY APPLY TO A PERSON WHO DID NOT PARTICIPATE IN THE CREATION OF THE DIGITAL IMAGE OF CHILD PORNOGRAPHY[.]"
 {¶ 4} In his first assignment of error, Belicka asserts that the trial court erred when it denied his motion to dismiss. Specifically, Belicka alleges that the statutes under which he was indicted are unconstitutional. We disagree. *Page 3 
 {¶ 5} In his brief, Belicka concedes that with respect to R.C.2907.323 this issue has been resolved by the Ohio Supreme Court's decision in State v. Tooley, 114 Ohio St.3d 366, 2007-Ohio-3698. InTooley, the Court rejected the defendant's argument that R.C. 2907.323
is overbroad. Id. at paragraph two of the syllabus. Moreover, this Court has previously found that R.C. 2907.321 is not unconstitutionally overbroad. See State v. Schneider, 9th Dist. No. 06CA0072-M,2007-Ohio-2553, at ¶ 11-16. We have found no reason to revisit our prior holding in Schneider and are bound by the decision in Tooley. Consequently, Belicka's overbreadth arguments lack merit. Belicka's first assignment of error, therefore, is overruled.
 Assignment of Error Number Two "THE APPELLANT'S RIGHT TO THE ASSISTANCE OF AN EXPERT TO AID HIS DEFENSE IS UNCONSTITUTIONALLY INFRINGED BY THE FEDERAL GOVERNMENT'S POWER TO PROSECUTE ANYONE WHO POSSESSES OR CREATES DIGITAL IMAGES OF CHILDREN IN A STATE OF NUDITY WHERE THE IMAGES ARE NOT OF REAL CHILDREN[.]"
 {¶ 6} In his second assignment of error, Belicka asserts that his due process rights were violated because he was unable to secure an expert witness to testify effectively on his behalf. Specifically, Belicka argues that no expert can effectively testify in Ohio in cases of child pornography due to federal restrictions on the possession of such materials. We do not reach the substance of Belicka's argument because we find that he has waived this issue for appeal. *Page 4 
 {¶ 7} Pursuant to Crim.R. 11, a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint[.]" Crim.R. 11(B)(2). The record reflects that each of the charges in Belicka's indictment contained one of the following statements:
 (1) "Belicka unlawfully did * * * create, reproduce or publish any obscene material, that has a minor as one of its participants[.] (Emphasis added.)
 (2) "Belicka unlawfully did, with knowledge of the character of the material or performance involved, buy, procure, possess, or control obscene material, that has a minor as one of its participants[.]" (Emphasis added.)
 (3) "Belicka unlawfully did possess or view material or a performance that shows a minor who is not the said * * * Belicka's child or ward in a state of nudity[.]" (Emphasis added.)
By agreeing to enter a plea of no contest, Belicka admitted that the minor depicted was an actual minor, not a virtual one. See id.; see, also, State v. Duncan, 9th Dist. No. 07CA0050, 2007-Ohio-6004, at ¶18-19 (finding that defendant waived right to hearing to contest factual issues when the issues were set forth in his indictment and he entered a no contest plea). Belicka sought to introduce expert testimony at trial in order to argue that the minor depicted in the obscene materials could have been a virtual minor. By pleading no contest, however, Belicka waived the right to contest the factual finding that the obscene material he possessed depicted an actual minor. See id. Therefore, he cannot demonstrate *Page 5 
prejudice on appeal with regard to his inability to secure an effective expert witness below.[1] Belicka's second assignment of error is overruled.
 III {¶ 8} Belicka's assignments of error lack merit. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 6 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
MOORE, P. J., SLABY, J., CONCUR.
[1] We note that the defendant in Schneider also pled no contest to the charges in his indictment, but that we addressed Schneider on the merits rather than on the basis of Crim.R. 11. See State v.Schneider, 9th Dist. No. 06CA0072-M, 2007-Ohio-2553. To the extent that we did not dispose of Schneider on the basis of Crim.R. 11 and the doctrine of waiver, we decline to follow Schneider. *Page 1