## In re JESSE S.

[Cite as *In re Jesse S.* (1998), 129 Ohio App.3d 394.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–97–038.

Decided Aug. 14, 1998.

*Jerry Arthur Jewett,* for appellee.

*John E. Meyers,* Sandusky County Prosecuting Attorney, and *Ronald L. Mayle,* Assistant Prosecuting Attorney, for appellant.

---

KNEPPER, Judge.

This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division, which found appellant Jesse S. delinquent for having violated R.C. 2917.02, aggravated riot. For the reasons that follow, this court reverses the judgment of the trial court.

Appellant sets forth the following assignments of error:

"Assignment of Error Number One

"The trial court committed reversible error when it convicted J.S. of aggravated riot, a violation of R.C. 2917.02 by considering the victim, Brian [S.], as a 'participant' because such conclusion was an amendment to the charge which was a variance between the complaint and the proof, in violation of Criminal Rule 7(D), thus resulting in a failure of justice.

"Assignment of Error Number Two

"The trial court committed reversible error when it found that Brian [S.], the victim, was a participant in aggravated riot because the statute governing aggravated riot, R.C. 2917.02, is a corporate offense, and because Brian [S.] was not one of the persons who are alleged to have caused the riot, he cannot be considered a participant, for purposes of counting five participants.

"Assignment of Error Number Three

"Despite the request filed by Attorney Brudzinski for findings of fact and conclusions of law in the issue of self-defense by J.S., the trial court failed to make such findings of fact and conclusions of law, and the Court of Appeals should reverse and remand the case and direct the trial court to make such findings of fact and conclusions of law, or in the alternative, make such findings of fact and conclusions of law, itself, and if the Court of Appeals concludes that J.S. acted in self-defense, then enter a finding that J.S. did not 'participate' with four or more others in an offense of violence, and thus is not guilty of aggravated riot, and order dismissal of the charge against J.S.

"Assignment of Error Number Four

"The trial court committed reversible error and its decision is against the manifest weight of the evidence because the evidence shows only a fight between Ryan [A.] and Brian ['S.'] which other individuals attempted to break up."

The facts that are relevant to the issues raised on appeal are as follows. On January 9, 1997, appellant and four other male juveniles were charged with delinquency in connection with disorderly conduct and aggravated riot. The charges arose from a fight on January 8, 1997 in which another juvenile, Brian S., was injured. Appellant entered a denial to the charges in the complaint and the matter came on for adjudicatory hearing as to all five of the juveniles on April 10, May 16 and May 19, 1997.

At the close of the state's case, appellant's counsel moved for acquittal. The trial court denied the motion and appellant testified on his own behalf. None of the other juveniles presented witnesses. At the conclusion of appellant's testimony, counsel for Joseph M. moved for acquittal. The trial court granted the motion and Joseph M. was dismissed.

On May 19, 1997, the trial court filed its judgment entry in which it found that appellant "did participate with Ramon [R.A.], Michael [F.], Mark [S.H.], and Brian S. in a course of fighting or violent or turbulent behavior, as defined in Ohio Revised Code Section 2917.11(A)(1), with purpose to commit or facilitate the commission of the offense of violence of assault, as defined in Ohio Revised Code Section 2903.13." The trial court further found that the complaint charging appellant with aggravated riot was proven beyond a reasonable doubt and continued the case for disposition.

The essence of appellant's first two assignments of error is that (1) the trial court erred by finding that the victim, Brian S., was a participant in the aggravated riot, (2) without the victim included as a participant, there were not "four or more others" in addition to appellant, as required by R.C. 2917.02(A) to constitute aggravated riot, and (3) the trial court therefore erred by finding that appellant was a delinquent child in connection with aggravated riot. Appellant notes the "corporate nature" of the offense of aggravated riot and asserts that the victim should not have been considered by the trial court as a participant in the aggravated riot because he did not have "purpose to commit or facilitate the commission of" the violence that occurred on January 8, 1997.

Appellee responds that the law requires only that the person charged has purpose to commit the offense of violence and argues that all of the "four or more others," which in this case would include the victim, need not have the purpose specified in R.C. 2917.02(A)(2) in order for any one of them to be found guilty of aggravated riot.

R.C. 2917.02, aggravated riot, states:

"(A) No person shall *participate with four or more others* in a course of disorderly conduct in violation of section 2917.11 of the Revised Code:

"* * *

"(2) With purpose to commit or facilitate the commission of any offense of violence." (Emphasis added.)

The corporate nature of aggravated riot is noted in the Committee Comment to R.C. 2917.02, which states:

"The significant element of riot, of whatever degree, is the corporate nature of the offense, i.e., it is committed by a group of five or more persons * * *."

There were originally five individuals who were charged with the assault on Brian S., which was a sufficient number to charge any one or more of them with aggravated riot. The complaint states that appellant Jesse S. "did take part in the assault of Brian [S.] along with 4 others * * *." Although they were not named, it is clear that the "four others" were the other juveniles charged. After Joseph M. was dismissed, there no longer were "four or more others" acting who had participated in the conduct prohibited by R.C. 2917.02(A)(1)—no longer "four or more others" with purpose to commit an offense of violence. Brian S. was named as the victim of the assault in the complaint filed against appellant; he was not at any time charged with aggravated riot. As appellant argues, the state, and ultimately the trial court, essentially "bootstrapped" the juveniles' conduct into aggravated riot by including the victim as a participant. Upon consideration of the foregoing, we find that the trial court erred by finding appellant Jesse S. delinquent for having committed aggravated riot, and appellant's first and second assignments of error are well taken.

Based upon our finding as to appellant's first and second assignments of error, appellant's third and fourth assignments of error are rendered moot.

On consideration whereof, this court finds that appellant was prejudiced and prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK and GLASSER, JJ., concur.