[Cite as *In re R.H.*, 2017-Ohio-7852.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: R.H.

C.A. No.     28319

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DL 14-10-1808

DECISION AND JOURNAL ENTRY

Dated: September 27, 2017

CALLAHAN, Judge.

{¶1}    R.H. appeals a judgment from the Summit County Court of Common Pleas, Juvenile Division, that adjudicated him delinquent for aggravated riot. This Court affirms.

I.

{¶2}    R.H. assaulted another juvenile while residing in the Summit County Juvenile Detention Facility. R.H. and a number of other juveniles were in a classroom when the altercation occurred. One of the juveniles was being disruptive and punched another juvenile. Immediately, multiple fights erupted in the classroom including one in which R.H. was participating.

{¶3}    A complaint was filed alleging that R.H. was delinquent by reason of assault and aggravated riot. R.H. admitted that he assaulted another juvenile, but denied engaging in conduct that constituted aggravated riot. The trial court adjudicated him delinquent on both counts.

**{¶4}** R.H. appeals raising two assignments of error.

II.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO FIND AND RULE THAT R.C. 2917.02(B)(2) IS UNCONSTITUTONAL ON ITS FACE AND/OR AS APPLIED TO APPELLANT, WHICH CONSITUTES ERROR REQUIRING REVERSAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE [I], SECTIONS 1, 10, & 16 OF THE OHIO CONSTITUTION.

**{¶5}** In his first assignment of error, R.H. challenges the constitutionality of Ohio's aggravated riot statute, R.C. 2917.02, because it incorporates Ohio's disorderly conduct statute, R.C. 2917.11, which he argues is unconstitutional. This Court disagrees with R.H.'s premise that R.C. 2917.11 is unconstitutional.

**{¶6}** Legislative enactments are entitled to "a strong presumption of constitutionality" and "will be upheld unless proven beyond a reasonable doubt to be unconstitutional." *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, ¶ 7. The party challenging the constitutionality of a statute bears the burden of proving the statute is unconstitutional beyond a reasonable doubt. *State v. Schneider*, 9th Dist. Medina No. 06CA0072-M, 2007-Ohio-2553, ¶ 5.

**{¶7}** R.H. was adjudicated delinquent for violating R.C. 2917.02(B)(2), which provides: "No person, being an inmate in a detention facility, shall violate division (A)(2) of this section * * *." Division (A)(2) provides: "No person shall participate with four or more others in a course of disorderly conduct in violation of [R.C.] 2917.11 * * * [w]ith purpose to commit or facilitate the commission of any offense of violence." R.C. 2917.02(A)(2). The disorderly conduct statute prohibits, inter alia, "recklessly caus[ing] inconvenience, annoyance, or alarm to another by doing any of the following: * * * [e]ngaging in fighting, in threatening harm to

persons or property, or in violent or turbulent behavior." R.C. 2917.11(A)(1). R.H. contends that R.C. 2917.11 is unconstitutionally vague and overbroad. In particular, he challenges the phrase "inconvenience, annoyance, or alarm" in R.C. 2917.11(A) and the words "violent" and "turbulent" in R.C. 2917.11(A)(1).

{¶8} This Court initially addresses the State's contention that R.H. did not challenge the words in R.C. 2917.11(A)(1) at the trial court level and, therefore, cannot raise a challenge to that portion of the statute on appeal. Prior to the start of trial, R.H.'s attorney stated that he had filed a motion to dismiss the previous day. Although the State acknowledged receiving a copy of the motion, there is no written motion contained in the record. Therefore, this Court's review is limited to the motion as it was orally presented to the trial court.

{¶9} In his oral motion, R.H. argued that the disorderly conduct statute, and consequently the aggravated riot statute, was overbroad and vague because it did not give notice to people of "what inconvenience, annoyance, or alarm is" and "encompasses more protected behavior than unprotected behavior." R.H. did not mention the language in R.C. 2917.11(A)(1) when presenting his motion to the trial court. Consequently, the State is correct that he may not challenge this portion of the statute for the first time on appeal. *See Schneider*, 2007-Ohio-2553, at ¶ 18, citing *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus.

{¶10} Because R.H. did raise his argument regarding the phrase "inconvenience, annoyance, or alarm" in R.C. 2917.11(A) at the trial court level, that portion of his argument is properly before this Court.

**Vagueness**

{¶11} R.H. first challenges that R.C. 2917.11(A) is void for vagueness. When addressing a void-for-vagueness challenge, a court determines whether the wording of the statute

(1) provides fair warning to the ordinary citizen; (2) precludes arbitrary, capricious and discriminatory enforcement; and (3) does not unreasonably impinge on constitutionally protected freedoms. *State v. Barnhardt*, 9th Dist. Lorain No. 05CA008706, 2006-Ohio-4531, ¶ 7. Nonetheless, courts recognize that "[w]ords inevitably contain germs of uncertainty" and do not expect "mathematical certainty" in statutory language. *Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973); *Grayned v. Rockford*, 408 U.S. 104, 110 (1972). When challenging a statute on vagueness grounds, "the challenger must show that, after examining the statute, a person of ordinary intelligence would not be able to understand what he is required to do under the law." *Schneider* at ¶ 6, citing *State v. Anderson*, 57 Ohio St.3d 168, 171 (1991). "[T]he challenger must prove beyond a reasonable doubt 'that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged.'" *Schneider* at ¶ 6, quoting *Anderson* at 171.

{¶12} In support of his argument that the phrase "inconvenience, annoyance, or alarm" neither provides fair warning of what is prohibited nor an enforceable standard, R.H. relies on *State v. Neal*, 10th Dist. Franklin No. 97APA12-1676, 1998 WL 614628 (Sept. 1, 1998) and *State v. Behling*, 10th Dist. Franklin No. 87AP-435, 1987 WL 17519 (Sept. 24, 1987). Neither *Neal* nor *Behling* presented a constitutional challenge to the disorderly conduct statute.

{¶13} The Ohio Supreme Court specifically rejected a void-for-vagueness challenge to Ohio's disorderly conduct statute in *State v. Carrick*, 131 Ohio St.3d 340, 2012-Ohio-608. In *Carrick*, this Court certified a conflict to the Ohio Supreme Court concerning the constitutionality of R.C. 2917.11(A)(2). *Id.* at ¶ 11. R.H. contends that *Carrick* is inapplicable to his case because it concerned the phrase "making unreasonable noise" in R.C. 2917.11(A)(2), whereas he is bringing a challenge to "R.C. 2917[.11](A) as a whole." R.H. is correct in so far

as the issue certified concerned "making unreasonable noise" under R.C. 2917.11(A)(2). *Carrick* at ¶ 11. That, however, does not end the analysis. The State argues that implicit in the Supreme Court's holding that subsection (A)(2) was not unconstitutional is a finding that section (A) was not unconstitutional.

**{¶14}** R.C. 2917.11(A) states, "No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following * * *." The statute then lists five ways a person can violate the statute. R.C. 2917.11(A)(1) to (5). The phrase "inconvenience, annoyance, or alarm" applies to all five subsections under R.C. 2917.11(A). "In determining whether a statute fairly informs a reasonable person of what is prohibited, courts should consider the challenged phrase in the context it is used in the law, and not as it stands alone." *State v. Reeder*, 18 Ohio St.3d 25, 27 (1985).

**{¶15}** When examining the noise provision in R.C. 2917.11(A)(2), the Ohio Supreme Court found the statute provided "adequate qualifying language to prevent the statute from being unconstitutionally vague." *Carrick* at ¶ 20. The Court noted the statute included an objective standard of "'unreasonable'" and a culpable mental state of "recklessness." *Id.* at ¶ 20-21. The Court stated, "[f]urther, it enumerates specific factors – 'inconvenience, annoyance, or alarm to another' – with which to judge the level of disturbance." *Id.* at ¶ 20. Thus, the Supreme Court favorably quoted the phrase "inconvenience, annoyance, or alarm" contained in section (A) as providing "specific factors" to qualify the prohibited conduct in subsection (A)(2). *Id.*

**{¶16}** Moreover, when *Carrick* was before this Court, this Court noted "'in the usual course of events, it appears doubtful that a person of ordinary intelligence would fail to understand what is meant by inconvenience, alarm, or annoyance * * *.'" (Internal quotation marks omitted.) *State v. Carrick*, 9th Dist. Wayne No. 09CA0077, 2010-Ohio-6451, ¶ 8, quoting

*State v. Livingston*, 2d Dist. Montgomery No. CA9641, 1986 WL 11112, *1 (Oct. 2, 1986). Even if this Court were to accept R.H.'s contention that the Supreme Court's holding in *Carrick* did not address the phrase "inconvenience, annoyance, or alarm," this Court would follow its own prior reasoning.

{¶17} In addition, when examining "the challenged phrase ['inconvenience, annoyance, or alarm'] in the context it is used in [R.C. 2917.11(A)]," it "fairly informs a reasonable person of what is prohibited." *See Reeder*, 18 Ohio St.3d at 27. The statute requires a culpable mental state of recklessness and that the person act "by doing any of the following" enumerated activities. R.C. 2917.11(A)(1) to (5). Any alleged vagueness of the terms "inconvenience, annoyance, or alarm," "by themselves, is dispelled by the [statute's additional] requirements[.]" *See Grayned*, 408 U.S. at 113.

{¶18} As a final matter on vagueness, this Court notes that while R.H. recognizes that under the void-for-vagueness doctrine a statute cannot unreasonably impinge on constitutionally protected freedoms, he does not develop an argument in this regard. R.H. merely makes the conclusory assertion "the wording [of R.C. 2917.11(A)] may infringe upon constitutionally protected freedoms[,] such as freedom of speech and freedom of association." This Court will not develop an argument on R.H.'s behalf. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, * 8 (May 6, 1998); *see also* App.R. 16(A)(7).

**Overbreadth**

{¶19} R.H. next argues that R.C. 2917.11(A)(1) is unconstitutionally overbroad. "To demonstrate overbreadth, one must establish beyond a reasonable doubt that the breadth of the statute in question prohibits conduct otherwise protected by the First Amendment." *Carrick*, 2010-Ohio-6451 (9th Dist.), at ¶ 12. A statute will be invalidated only when the alleged

overbreadth is substantial. *Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, at ¶ 8. "A statute is substantially overbroad if it is 'susceptible of regular application to protected expression.'" *Akron v. Rowland*, 67 Ohio St.3d 374, 387 (1993), quoting *Houston v. Hill*, 482 U.S. 451, 467 (1987). When addressing an overbreadth challenge, a court must first determine whether the challenged statute prohibits a substantial amount of constitutionally protected conduct. *Hill* at 458.

{¶20} This Court rejects R.H.'s overbreadth challenge because his argument focuses on the potential effect of certain behavior rather than the conduct prohibited by the statute. As with his vagueness challenge, R.H. challenges the use of the terms "inconvenience, annoyance, or alarm" and "turbulent" in the statute. This Court again notes that R.H. failed to make any argument regarding the term "turbulent" before the trial court and, therefore, cannot raise that issue for the first time on appeal. *See Schneider*, 2007-Ohio-2553, at ¶ 18, citing *Awan*, 22 Ohio St.3d 120, at syllabus.

{¶21} To the extent that R.H. bases his overbreadth argument on the terms "inconvenience, annoyance, or alarm," his analysis is flawed because those terms address an effect that certain conduct might have, but not the conduct itself. R.C. 2917.11(A) states, "No person shall recklessly cause inconvenience, annoyance, or alarm to another *by doing any of the following*[.]" (Emphasis added.) The prohibited conduct is then listed in subsections (A)(1) to (5). Aside from the word "turbulent" in (A)(1), R.H. does not challenge any of those subsections. By focusing on the words "inconvenience, annoyance, or alarm" R.H. has made an argument regarding the effect of a person's conduct. He has not made an argument concerning the conduct that is prohibited. The legislature did not state that a person could be arrested merely for causing "inconvenience, annoyance, or alarm to another." Rather, the legislature specified

that the statute only applied if a person did so "by doing any of the following[,]" i.e., by engaging in certain conduct. The legislature limited the scope of R.C. 2917.11(A) by specifying what conduct was prohibited in subsections (A)(1) to (5).

**{¶22}** By failing to examine the statutorily prohibited conduct, R.H. has failed to establish that R.C. 2917.11(A) reaches a substantial amount of constitutionally protected conduct. Consequently, he has failed to demonstrate that the statute is overbroad.

**{¶23}** R.H.'s first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

APPELLANT'S ADJUDICATION OF DELINQUENCY WAS CONTRARY TO
THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶24}** In his second assignment of error, R.H. argues that he did not participate in an aggravated riot because, although "other altercations were occurring simultaneously," the assault he committed "occurred spontaneously and alone." This Court disagrees.

**{¶25}** This Court notes that R.H.'s argument could be read as a challenge to the sufficiency of the evidence rather than the weight of the evidence. A challenge to the sufficiency of the evidence concerns the State's burden of production, while a challenge to the manifest weight of the evidence concerns the State's burden of persuasion. *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997) (Cook, J., concurring). To the extent that R.H. argues that the State failed to meet its burden of persuasion in demonstrating his participation, this Court will address the manifest weight of the evidence as challenged in his captioned assignment of error. *See State v. Hayes*, 9th Dist. Summit No. 26388, 2013-Ohio-2429, ¶ 9.

**{¶26}** Weight of the evidence concerns whether the greater amount of credible evidence produced at trial supports one side over the other side. *Thompkins*, 78 Ohio St.3d at 387. When considering a manifest weight challenge,

an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). This discretionary power is reserved for exceptional cases in which the evidence weighs heavily against the conviction. *Id.*

**{¶27}** R.H. was adjudicated delinquent for violating R.C. 2917.02(B), which provides: "No person, being an inmate in a detention facility, shall violate division (A)(2) of this section * * *." Division (A)(2) provides: "No person shall participate with four or more others in a course of disorderly conduct in violation of [R.C.] 2917.11 * * * [w]ith purpose to commit or facilitate the commission of any offense of violence." R.C. 2917.02(A)(2).

**{¶28}** R.H. stipulated that he was an inmate in a detention facility and that he committed an assault, which is an offense of violence. The only issue he raises is whether the evidence supports the conclusion that he "participate[d]" as required in R.C. 2917.02(A). This Court has found that there is no statutory requirement that the participants in an aggravated riot "act[] in concert" with each other. *State v. Covey*, 9th Dist. Lorain No. 03CA008272, 2004-Ohio-30, ¶ 6. Similarly, the legislature has stated, "the [S]tate is not required to allege or prove that the offender expressly agreed with four or more others to commit any act that constitutes a violation of [R.C. 2917.02] prior to or while committing those acts." R.C. 2917.031.

**{¶29}** The evidence presented at trial consisted of the testimony of Detention Officer Jimmy Oliver and a surveillance video of the classroom. Officer Oliver testified that initially he was the only detention officer in the classroom. Shortly before class was to begin, he was issuing a violation to a juvenile who was being disruptive. That juvenile, then, punched another juvenile. At that point, "everything just sprung off" with fights happening around the room.

{¶30} Another detention officer in the hall heard the commotion and called for assistance. That officer and three additional ones came into the classroom. Officer Oliver testified that the other officers broke up R.H.'s fight.

{¶31} On cross-examination, Officer Oliver testified that he was not sure how long R.H. had been in the detention center prior to the altercation. When asked if he knew whether R.H. knew any of the other juveniles, Officer Oliver responded that he did not "know who they associate with when they're out." He further indicated that taunting, teasing, and bullying occur in the detention hall, but he did not know if there had been any between R.H. and the juvenile he assaulted.

{¶32} The video shows Officer Oliver, a teacher, and multiple juveniles in the classroom. After the first juvenile throws a punch, other juveniles begin fighting. The video also shows some juveniles backed away, in an apparent attempt to stay out of the melee.

{¶33} R.H. acknowledges that Officer Oliver was present during the incident, but he contends that Officer Oliver "was only able to testify to what other detention officers had told him and what he had viewed on the video after the incident had occurred." R.H. did not object to Officer Oliver's testimony concerning what the other officers told him and the parties stipulated to the video. Moreover, Officer Oliver testified to his personal observations that morning describing the sequence of events including his observation of multiple juveniles fighting.

{¶34} Officer Oliver's testimony as to what the other officers told him was limited. He stated that "they said it was difficult to separate the two [and R.H.] was the aggressor." Whether R.H. was the aggressor relates to the assault charge, which he admitted.

{¶35} With respect to the video, Officer Oliver testified that "as the fight was going on, [he] couldn't distinguish which kid[] was doing what." He further testified that, when the video

was reviewed, they could be identified. Officer Oliver's testimony did not indicate that he did not observe what occurred, but rather there was so much going on that all of the participants could not immediately be identified.

{¶36} R.H. makes much of the fact that Officer Oliver was unaware of any relationships among the juveniles. R.H. argues that an aggravated riot requires a relationship among the participants and a plan to act in a unified fashion. R.C. 2917.031 makes clear that there is no such requirement. "For purposes of prosecuting violations of [R.C.] 2917.02 * * *, the [S]tate is not required to allege or prove that the offender expressly agreed with four of more others to commit any act that constitutes a violation of [that] section prior to or while committing those acts." R.C. 2917.031.

{¶37} While acknowledging the existence of R.C. 2917.031 and this Court's precedent in *Covey*, the dissent contends, "the State was required, at a minimum, to demonstrate that R.H.'s behavior was in some way connected to the actions of the other individuals in the classroom." The aggravated riot statute, however, is not written so narrowly. The statute simply states, "[n]o person shall participate with four or more others in a course of disorderly conduct * * *." R.C. 2917.02(A). The word "participate" is not modified by any phrase indicating that there must be a connection among the participants (or their actions) beyond the fact that they are engaging in disorderly conduct. It is well established that a court cannot add words or phrases to a statute. *See, e.g.*, *Rossiter v. Smith*, 9th Dist. Wayne No. 12CA0023, 2012-Ohio-4434, ¶ 13, quoting *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, ¶ 52.

{¶38} R.H. and the dissent note the "corporate" nature or purpose of an aggravated riot. In doing so, they rely respectively on *In re Jesse S.*, 129 Ohio App.3d 394 (6th Dist.1998) and *State v. Brandon*, 2d Dist. Greene No. 88 CA 57, 1989 WL 72232. Both *In re Jesse S.* and

*Brandon* rely on a legislative note to R.C. 2917.02. *In re Jesse S.* at 397, *Brandon* at *7. However, the full quote of the sentence containing the phrase "corporate nature" is: "The significant element of riot, of whatever degree, is the corporate nature of the offense, *i.e., it is committed by a group of 5 or more persons*, thus giving the intended mischief a higher potential for harm." (Emphasis added.) 1973 Legislative Service Commission Note, R.C. 2917.02. The note makes clear that the phrase "corporate nature" refers to the number of participants. *Id.* It further makes clear that the concern with the increased number of participants is the "higher potential for harm." *Id.*

{¶39} A primary distinction between disorderly conduct and aggravated riot is the number of people involved. *Compare* R.C. 2917.11(A)(1) ("No person shall recklessly cause inconvenience, annoyance, or alarm to another by * * * [e]ngaging in fighting * * *") *with* R.C. 2917.02(A)(1) ("No person shall participate with four or more others in a course of disorderly conduct * * *"); *see also State v. Lattimore*, 1st Dist. Hamilton No. C-010488, 2002 WL 252451, *4. This distinction is logical because, as explained in the legislative note, when the number of people participating increases, so does the danger presented by the situation.

{¶40} Prior to the disruption, Officer Oliver was the only detention officer in the classroom along with the teacher and the juveniles. He indicated that he separated the two individuals involved in the initial fight, but other detention officers had to respond to help separate the remaining individuals. The danger posed by this increased level of participation among the juveniles is self-evident. Contrary to R.H.'s argument, he was not merely involved "in a separate physical altercation." He participated with four or more others in the course of disorderly conduct, which constitutes an aggravated riot.

{¶41} This Court has previously upheld a delinquency adjudication based on aggravated riot where the evidence showed multiple fights occurring simultaneously in a school building. *In re K.L.F.*, 9th Dist. Summit No. 27516, 2015-Ohio-3863, ¶ 7-11. In that case, there were fights in the hallway, by the elevator, and one in the stairway between K.L.F. and another boy. *Id.* at ¶ 7-8. As in the present case, the evidence demonstrated that K.L.F. was involved in only one of the fights. *Id.* at ¶ 7.

{¶42} In the present case, the evidence supports the trial court's determination that R.H. "participate[d] with four or more others in a course of disorderly conduct." *See* R.C. 2917.02(A). Officer Oliver described the chaotic scene in the classroom. The video shows at least four juveniles "participat[ing]" in a course of disorderly conduct by fighting. It also shows those who were not "participat[ing]" choosing, instead, to back away. R.H. admitted that he committed an assault and, thus, was one of the individuals participating in the fighting in the classroom. This is not an exceptional case where the trier of fact lost its way. *See Otten*, 33 Ohio App.3d at 340.

{¶43} R.H.'s second assignment of error is overruled.

III.

{¶44} R.H.'s assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CARR, J.
DISSENTING.

**{¶45}** I respectfully dissent in regard to the second assignment of error.

**{¶46}** This Court has previously held that the aggravated riot statute does not require that the State prove that the participants "acted in concert" throughout the entirety of the pertinent factual sequence. *State v. Covey*, 9th Dist. Lorain No. 03CA008272, 2004-Ohio-30, ¶ 6. In reaching this conclusion, we relied on the Second District's decision in *State v. Brandon*, 2d Dist. Greene No. 88 CA 57, 1989 WL 72232 (June 28, 1989). *Brandon* involved a scenario where a group of six men, armed with guns, traveled to a local college campus to confront a rival

cohort from another town. *Brandon* at \*3. Upon entering campus, the two cars carrying the men separated and traveled down different streets. *Id*. at \*4. The passengers in one of the cars were involved in a gun fight where one of their rivals was shot and killed. *Id*. at \*7-8. The court recognized that the State was not required to "establish that the six acted in concert after they reached the campus." *Id*. at \*7. Significantly, however, the court upheld the aggravated riot conviction of one of the passengers who was in the other vehicle on the basis that all six men went to the campus with the same "corporate purpose[.]" *Id*. Thus, while R.C. 2917.031 notes that the State is not required to demonstrate that R.H. "expressly agreed" to engage in a course of disorderly conduct with at least four other people, the State was required, at a minimum, to demonstrate R.H.'s behavior was in some way connected to the actions of the other individuals in the classroom.

{¶47} Here, Officer Oliver admitted during his testimony that as the incident was ongoing, he "couldn't distinguish which kid[] was doing what." Even upon reviewing the video and conferring with his fellow officers, Officer Oliver's testimony established that, at most, R.H. engaged in a fight with one other individual. Significantly, there is no evidence that R.H.'s actions were connected to the actions of the other individuals involved in the classroom incident. The State did not present evidence in this case that the scope of R.H.'s participation extended beyond his involvement in a one-on-one altercation, nor did the State establish that R.H. acted with the same corporate purpose as other individuals involved in the incident. Under these circumstances, I would conclude that the State failed to present sufficient evidence to demonstrate that R.H. "participate[d] with four or more others in a course of disorderly conduct" with the purpose of facilitating the assault in violation of R.C. 2917.02(B)(2). R.C. 2917.02(A).

APPEARANCES:

JASON D. WALLACE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.