[Cite as *In re A.S.*, 2026-Ohio-644.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

IN RE: Ah.S.
     R.S.
     E.S.
     Aa.S.

C.A. Nos.    31510
               31511
               31512
               31513

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 22 10 0853
               DN 22 10 0854
               DN 22 10 0855
               DN 23 10 0894

DECISION AND JOURNAL ENTRY

Dated: February 25, 2026

STEVENSON, Judge.

**{¶1}** Appellant Father appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated his parental rights and placed his four children in the permanent custody of Summit County Children Services Board ("CSB" or "the agency"). This Court affirms.

I.

**{¶2}** Mother is the biological mother of R.S., born November 3, 2018; A.S., born July 3, 2020; E.S., born October 1, 2022; and Aa.S., born October 21, 2023. Father's paternity of the four children was established because he was married to Mother at the time of each child's birth.

{¶3} CSB removed the children and filed complaints alleging their dependency based on issues in the home impacting their welfare. After adjudication and an initial disposition placing the children in the agency's temporary custody, the parents had the opportunity to work on case plan objectives designed to remedy the concerns underlying the siblings' removal. Ultimately, however, CSB moved for permanent custody of the four children. The parents filed their respective dispositional motions. The juvenile court held a hearing on the pending motions.

{¶4} After the parties rested their respective cases and made closing arguments, Father moved to dismiss the four children's cases. Father argued for the first time that the juvenile statutory scheme is unconstitutional. As grounds for unconstitutionality, Father first asserted that he was "not treated the same as people without his criminal record[,]' in what appeared to be an equal protection argument. Second, he argued that the statutory timeline that prevents the juvenile court's ability to give the parties additional time to continue to work toward reunification removes the trial court's discretion to make a determination in the best interest of a child. Upon request, the juvenile court granted the parties leave to brief the constitutional issues. After addressing separation of powers and due process violations, Father concluded his brief by asking the court to dismiss the children's cases and place them in his legal custody. No other party responded.

{¶5} In its final judgment, the juvenile court first addressed Father's challenge to the "statutory child protective scheme[,]" doing so solely within the context of the "constitutionality of R.C. 2151.415(D)[.]" The trial court rejected Father's argument that the statutory proscription against extending temporary custody to the agency beyond two years deprives it of its ability to order a custodial disposition based solely on a determination of the best interest of the child. The juvenile court reasoned that, because the "goal of the child welfare system is permanence for the child[ ]" and "the needs of the child supersede [any difficulties of the parent to cure the issues

underlying the child's removal from home,]" the two-year statutory time limit does not unconstitutionally infringe on parental rights. In further support, the juvenile court analogized the two-year limit on a parent's opportunity to work toward reunification and the preservation of parental rights to statutes of limitations that "place[ ] time limits [on] the ability of an individual to exercise legal rights."

{¶6}     Thereafter, the juvenile court considered the evidence and substantively ruled on CSB's motion for permanent custody, granting it and terminating Mother's and Father's parental rights. Father appealed. He raises one assignment of error for review

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND PLAIN ERROR IN DENYING FATHER'S MOTION TO DISMISS BASED ON THE STATUTORY CHILD PROTECTIVE SCHEME AND THE TWO-YEAR TIME CONSTRAINT OF R.C. [ ] 2151.415(D)(4).

{¶7}     Father asserts that the juvenile court erred by denying his motion to dismiss the children's cases, as it erroneously concluded that the two-year time limit for disposing of dependency/neglect/abuse cases under R.C. 2151.415(D)(4) is not unconstitutional. "Legislative enactments are entitled to 'a strong presumption of constitutionality' and 'will be upheld unless proven beyond a reasonable doubt to be unconstitutional.'" *In re R.H.*, 2017-Ohio-7852, ¶ 6 (9th Dist.), quoting *State v. Romage*, 2014-Ohio-783, ¶ 7. In the absence of any relevant arguments by Father, this Court declines to consider his constitutional challenge.

{¶8}     As an initial matter, we recognize that Father's briefs before the juvenile court and this Court are substantively identical. In both briefs, Father broadly challenges the constitutionality of R.C. Chapter 2151, arguing perhaps that it is violative of the separation of powers doctrine, and the guarantees of due process and equal protection. The juvenile court's

judgment does not address the broad scope of these challenges. Instead, it narrowly focuses its analysis on whether R.C. 2151.415(D)(4), which prohibits a juvenile court from granting more than two six-month extensions of temporary custody to continue a case beyond the second anniversary of the filing of the complaint, impermissibly subjugates a parent's rights to those of a child. The juvenile court concluded that the needs of a child relative to the child's welfare and timely custodial permanence supersede a parent's interest in reunification.

{¶9} Father did not cite R.C. 2151.415(D) in his trial brief. Moreover, except for the reference in his statement of his assignment of error, he does not cite that statutory provision in his appellate brief either. However, in lieu of a closing argument at the hearing, Father orally challenged the "timeline that removes the Court's discretion[,]" the "line in the sand[,]" and "the magic deadline" that all prevent the juvenile court from continuing a case beyond two years even if the court might believe that additional time might result in reunification. By its terms, Father's oral argument to the juvenile court in support of his motion to dismiss implicitly challenged the constitutionality of the limitations specific to R.C. 2151.415(D)(4). The trial court reasonably construed the argument as such and addressed that limited issue.

{¶10} On appeal, Father does not develop an argument focused expressly on the juvenile court's discussion of the constitutionality of R.C. 2151.415(D)(4). Neither does he argue that a parent's right to raise his child is an equal or greater consideration than the child's welfare and need for permanence. Finally, he does not challenge the juvenile court's analogy to statutes of limitations when it concluded that two years is a reasonable amount of time for a parent to work toward reunification. This Court declines to craft any arguments on Father's behalf. *See In re L.S.*, 2018-Ohio-5116, ¶ 51 (9th Dist.), citing App.R. 16(A)(7) and *Cardone v. Cardone*, 1998 WL

224934, \*8-9 (9th Dist. May 6, 1998) (noting that it is not this Court's duty to create an appellant's argument).

{¶11} Moreover, although Father's appellate brief substantively mirrors his trial brief, he does not argue that the juvenile court failed to address any issues regarding the separation of powers, due process, and equal protection to the extent his trial brief can reasonably be construed to have raised those. This Court clarifies, however, that we do not make any determination here as to whether Father directly placed those issues before the juvenile court for its consideration. On appeal, Father specifically asks this Court to reverse and remand to the juvenile court on the merits for dismissal of the children's cases. He does not ask us to remand the matter for the trial court to consider and determine issues he may have raised below but which the juvenile court failed to address. Accordingly, this Court does not do so.

{¶12} Our review is constrained by the arguments Father raised below and which the juvenile court specifically determined. As Father has not properly placed those issues before us on appeal, this Court is compelled to overrule Father's assignment of error.

III.

{¶13} Father's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JAMES E. BRIGHTBILL, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and AARON B. CAMPBELL, Assistant Prosecuting Attorney, for Appellee.