[Cite as *State v. Newsome*, 2018-Ohio-1762.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | C.A. No. 17CA011127 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAELL A. NEWSOME | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CR088248 |

DECISION AND JOURNAL ENTRY

Dated: May 7, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Michaell A. Newsome, appeals his judgment of conviction entered in the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In December of 2013, Mr. Newsome was charged with one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one count of felonious assault in violation of R.C. 2903.11(A)(2), also a felony of the second degree. The charges stem from an altercation between Mr. Newsome and T.W., which ended with Mr. Newsome stabbing T.W. in the leg. Mr. Newsome maintained that he was acting in self-defense.

{¶3} The matter eventually proceeded to a jury trial. The jury returned a verdict finding Mr. Newsome guilty on both counts of felonious assault. On April 14, 2017, the trial court merged the counts as allied offenses of similar import and sentenced Mr. Newsome to three years in prison. Mr. Newsome timely appeals, raising two assignments of error for our review.

II.

**Assignment of Error I**

**The trial court erred to the prejudice of Mr. Newsome by failing to inquire into whether he knowingly and intelligently waive[d] his right to testify.**

{¶4} In his first assignment of error, Mr. Newsome argues that the trial court erred when it failed to inquire as to whether Mr. Newsome knowingly and intelligently waived his right to testify at trial.

{¶5} The Supreme Court of Ohio has held "that a trial court is not *required* to conduct an inquiry with the defendant concerning the decision whether to testify in his defense." (Emphasis sic.) *State v. Bey*, 85 Ohio St.3d 487, 499 (1999). Such an inquiry is thought to be "simply unnecessary" and even "potentially harmful" in that it may "'unduly interfere[] with the attorney-client relationship.'" *Id*. quoting *People v. Curtis*, 681 P.2d 504, 519 (Colo.1984) (concurring opinion). "For example, questioning can lead into the judge's evaluation of the wisdom of the defendant's decision, the substance of the testimony, or simply evoke a dramatic change in a previously carefully considered trial strategy." *Id*. citing *United States v. Goodwin*, 770 F.2d 631, 636 (7th Cir. 1985).

{¶6} The record reflects that, at the close of the State's case, the trial judge had a discussion on the record with Mr. Newsome's trial counsel for the purposes of determining the schedule for the remainder of the trial and to draft jury instructions. The trial judge asked if Mr. Newsome's trial counsel would be presenting a case, and inquired as to whether counsel had an opportunity to discuss with Mr. Newsome his right to remain silent and his right to testify. Mr. Newsome's trial counsel indicated that he would not present any witnesses or call Mr. Newsome to the stand. Counsel stated:

"Well Judge, I don't know if he's waived his right. We've talked about the possibility, you know. I am going to indicate that I like the case the way it is, Judge. I'm not going to call Mr. Newsome to the stand."

Thereafter, the judge asked to speak with the attorneys off the record. On appeal, Mr. Newsome argues that the above-quoted statement by trial counsel should have prompted the trial court to inquire into his decision not to testify.

{¶7} "'Whether the defendant is to testify is an important tactical decision as well as a matter of constitutional right.'" *Bey* at 499, quoting *Brooks v. Tennessee*, 406 U.S. 605, 612 (1972). Mr. Newsome does not argue on appeal that he was precluded from testifying, nor does Mr. Newsome suggest that his counsel at trial prohibited him from exercising his right to testify, or that counsel's trial strategy—the decision not to call Mr. Newsome to testify—was unsound or ineffective. Instead, he contends that he was prejudiced by the trial court's failure to make an inquiry to determine whether or not Mr. Newsome had, in fact, waived his right to testify.

{¶8} The "trial court [wa]s not required to advise [Mr. Newsome] of his right to testify" or to inquire as to whether Mr. Newsome waived that right. *Id*. at 500. Therefore, we conclude that the trial court's failure to make such an inquiry does not constitute error and Mr. Newsome's argument lacks merit. *See Id*. Mr. Newsome's first assignment of error is overruled.

**Assignment of Error II**

**Mr. Newsome was denied due process of law as the verdict and judgment were based upon legally insufficient evidence.**

{¶9} Mr. Newsome's second assignment asserts that the judgment was based on insufficient evidence. We disagree.

{¶10} A challenge to the sufficiency of a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether

such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. After such an examination and taking the evidence in the light most favorable to the prosecution, we must decide whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. Although we conduct a de novo review when considering a sufficiency of the evidence challenge, the appellate court does not resolve evidentiary conflicts or assess the credibility of witnesses as those functions belong to the trier of fact. *State v. Tucker*, 9th Dist. Medina No. 14CA0047-M, 2015-Ohio-3810, ¶ 7.

{¶11} Mr. Newsome does not argue on appeal that the State failed to present sufficient evidence to prove any element of the offenses of felonious assault. Instead, Mr. Newsome argues that *sufficient* evidence was presented at trial to support his claim of self-defense; an affirmative defense for which defendant, rather than the State, bears the burden of proof. *See State v. Goff*, 128 Ohio St.3d 169, 2010-Ohio-6317, ¶ 36; R.C. 2901.05. Mr. Newsome contends that, based on the evidence in the record, "it is clear Mr. Newsome was acting in self-defense and the jury lost its way in convicting him."

{¶12} A challenge to the sufficiency of the evidence "concerns the prosecution's burden of production with respect to each element of the crime." *State v. Chapman*, 9th Dist. Summit No. 28626, 2018-Ohio-1142, ¶ 16, citing *Thompkins* at 390. However, the proof supporting the affirmative defense of self-defense "is distinct from, and does not detract from, proof of the essential elements of the crime." *Id*., *citing State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 37 ("[T]he due process 'sufficient evidence' guarantee does not implicate affirmative defenses"). Therefore, a sufficiency of the evidence challenge does not apply "when reviewing an affirmative defense, such as self-defense." *Id*. citing *State v. Thomas*, 9th Dist. Summit No.

27266, 2015-Ohio-2935, ¶ 39. Accordingly, we reject Mr. Newsome's argument that his conviction was not supported by sufficient evidence based solely on his claim that the jury should have found in Mr. Newsome's favor on his claim of self-defense.

{¶13} Mr. Newsome's second assignment of error is overruled.

III.

{¶14} Mr. Newsome's first and second assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR

APPEARANCES:

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellant.

DENNIS WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.